**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**ALVARO ODILIO SALAZAR BELTRAN,**
     Petitioner,

     v.                           **Civil Action No. 3:26CV489 (RCY)**

**JEFFREY CRAWFORD, *et al*.,**
     Respondents.

### MEMORANDUM OPINION

Alvaro Odilio Salazar Beltran ("Petitioner") is an alien who is present in the United States without admission. Through counsel, he filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 10[1]), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). For the reasons set forth below, the § 2241 Petition will be GRANTED. Respondents will be ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

### I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection in 2001. Mem. Supp. Pet. ¶¶ 4, 17, ECF No. 2. Petitioner has resided in the United States since 2008, and has been continuously present in the country since 2010. *Id.* ¶¶ 47, 50. Petitioner represents that he is a hardworking and law-abiding[2] member of society with strong ties

---

[1] Petitioner's first-filed Petition, ECF No. 1, was deficient for lack of Petitioner's signature or that of a "next friend" authorized to sign on his behalf. Order, ECF No. 11. Petitioner cured this defect with the filing of the signed Amended Petition, ECF No. 10, which the Court utilizes and cites as the operative Petition in this matter.

[2] Petitioner notes that he was "erroneously classified as a member of MS-13" while in custody at the Farmville Detention Center, but he stresses that this is "entirely unsupported" and in fact "directly contradicted by his lack of any criminal record or gang-related history." Mem. Supp. Pet. ¶ 55.

to the community and his family, and that he appears prima facie eligible to seek Cancellation of removal for Certain Nonpermanent Residents pursuant to INA § 240A(b).  *Id.* ¶¶ 50–53.

On June 6, 2026, Petitioner filed the controlling § 2241 Petition, which incorporated an Emergency Motion for Temporary Restraining Order.  ECF No. 10.  The Court granted the Emergency Motion in part and enjoined Respondents from removing or transferring Petitioner, pending adjudication of the Petition.  ECF No. 12.  The Court further directed Respondents to file a responsive pleading addressing, *inter alia*, whether the factual and legal issues presented in this Petition differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), and whether a hearing on the Petition and TRO was necessary.  Order, ECF No. 12.  The Court additionally directed Petitioner to file a reply to Respondents' responsive pleading, likewise to address whether a hearing was necessary.

Respondents timely submitted a Response.  ECF No. 14.  Consistent with the Court's directive, Respondents advised that no material differences exist between this case and the facts and issues presented in *Ortega Miranda*, and Respondents accordingly recommended that this Court incorporate the filings in *Ortega Miranda* into the record of this habeas action.  *Id.* at 1. Respondents further represented that they waived a hearing on the issues and arguments herein. *Id.* at 2.  Petitioner filed no reply, and the time for doing so has passed; the Court accordingly finds Petitioner to have waived hearing on the Petition and TRO Motion.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  *Id.*  "A federal court may grant habeas relief only on the ground that the petitioner

2

is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

### III.  ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing.  In opposition, Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Ortega-Miranda*.  Resp., ECF No. 14.  Accordingly, the Court understands Respondents' position to be that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions.  *See Ortega-Miranda*, No. 3:25CV769 (DJN), ECF No. 14 at 5–22.

This Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), into this Memorandum Order.  That same reasoning has been applied by this Court as well as in several cases before other courts in this district.[3]

Petitioner has been continuously present in the United States for eighteen years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a).  Under § 1226(a) and its implementing regulations, he is

---

[3] *See, e.g.*, *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025).

entitled to a bond hearing before an Immigration Judge, in the course of which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court is aware that a Fifth Circuit panel reached a contrary ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026), as did an Eighth Circuit panel in *Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026). However, a Second Circuit panel has recently concluded, in line with this Court's reasoning, that § 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry. *Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). From among these decisions, the Court finds the Second Circuit analysis and the dissents from the Fifth and Eighth Circuits to be the more persuasive of the set. Regardless, none of this precedent is binding on this Court, and so, in the absence of guidance from the Supreme Court or the Fourth Circuit Court of Appeals, the Court comfortably adopts and applies the analysis from *Ortega Miranda* to the facts of the present case. And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

Petitioner also contends that his continued detention without a bond hearing violates the Fifth Amendment's Due Process Clause. Mem. Supp. Pet. ¶¶ 49–52. Respondents argue that his rights are governed solely by the INA and that no constitutional violation has occurred. *Ortega Miranda*, No. 3:25CV769 (DJN), ECF No. 14 at 22–29, incorporated by Resp., ECF No. 14. As explained in *Ortega Miranda*, the Court finds that the Fifth Amendment applies and that detention without a bond hearing violates due process. Opinion, *Ortega Miranda*, ECF No. 19 at 19–23.

4

Applying the *Mathews* factors, the Court concludes Petitioner has a strong liberty interest, faces a significant risk of erroneous deprivation in the absence of a bond hearing to which he is entitled under § 1226(a), and that Respondents have not demonstrated a sufficient governmental interest to justify continued detention without such a hearing.  *Id*. at 20–23 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

### IV.    CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition and TRO will be GRANTED.  An appropriate Order will issue.

_____ /s/ *RCY*
Roderick C. Young
United States District Judge

Date:   June 24, 2026
Richmond, Virginia

5